UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TIJUAN TOWNER,

*Plaintiff,*

*v.* Case No. 2:26-cv-2065

CITY OF KENOSHA, PATRICK PATTON,
AND OFFICER DOES 1–3,

*Defendants.*

---

# COMPLAINT

---

Plaintiff Tijuan Towner, by his attorneys, Strang Bradley, LLC, for his complaint against Defendants City of Kenosha, Patrick Patton, and Officer Does 1–3 ("Doe Defendants").

## INTRODUCTION

1. Plaintiff Tijuan Towner brings this civil-rights lawsuit under 42 U.S.C. § 1983 for violations of his Fourth Amendment right to be free from unreasonable searches and seizures.

2. Towner was observing a crime scene when Kenosha police officers detained him, searched him, held him at the police station, and searched his car.

3. Doe Defendants did not suspect Towner of a crime, and they lacked judicial authorization to seize him, search him, and search his car.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the federal claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3), and over the state-law indemnification claim under 28 U.S.C. § 1367(a).

5. Venue is proper under 28 U.S.C. § 1391(b)(1)–(2). The events giving rise to the claims asserted herein occurred within this judicial district.

## PARTIES

6. Plaintiff Tijuan Towner is an adult resident of Kenosha County.

7. Defendant City of Kenosha is a political subdivision of the State of Wisconsin and is or was the employer of Defendants Patrick Patton and Officer Does 1–3. The City of Kenosha is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment.

8. Patrick Patton is the City of Kenosha Police Chief.

9. Patton is named as a placeholder until Plaintiff can identify the Doe Defendants.

10. At all relevant times, Defendants Officers Doe 1–3 were Kenosha police officers.

11. At all relevant times, Doe Defendants acted under the color of state and local law.

12. At all relevant times, Doe Defendants acted within the scope of their employment with the City of Kenosha.

## FACTS

13. Early in the morning of October 31, 2026, Towner stood near a crime scene.

14. City of Kenosha Police Officers asked Towner to stand back behind yellow tape, and Towner complied.

15. Officer Doe 1 asked Towner why he was there, and Towner said he knew one of the people involved in the incident.

16. Officer Doe 1 detained and searched Towner.

17. Officer Doe 1 took Towner's phone and keys.

18. Officer Doe 1 placed Towner in a squad car.

19. Officer Doe 1 lacked any lawful justification to search or seize Towner.

20. Officer Doe 1 then drove Towner to the City of Kenosha police station.

21. Officer Doe 1 placed Towner in the custody of Officer Doe 2.

22. Officer Doe 2 placed Towner in a holding cell.

23. Officer Doe 2 did not allow Towner to leave the holding cell or the station.

24. Towner was never booked.

25. Officer Doe 2 lacked any lawful justification to seize Towner.

26. A detective eventually released Towner after several hours.

27. While Towner was at the police station, Officer Doe 3 searched Towner's car.

28. Officer Doe 3 lacked any lawful justification to search Towner's car.

**COUNT 1**
**Unreasonable Search and Seizure**
**Doe 1**

29. Plaintiff realleges the above paragraphs.

30. Officer Doe 1 unreasonably seized Towner and unreasonably searched Towner's person.

31. Officer Doe 1 acted under color of law.

32. Officer Doe 1 lacked consent, reasonable suspicion, probable cause, or a warrant.

33. Officer Doe 1 violated Towner's Fourth Amendment rights.

34. As a direct and proximate result of Officer Doe 1's unlawful actions, Towner suffered damages, including loss of liberty, emotional distress, humiliation, invasion of privacy, and physical pain and suffering.

WHEREFORE, under 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Doe 1 and, because he acted in reckless or callous indifference to Plaintiff's rights, punitive damages, plus the costs of this action, attorneys' fees, and such other relief that the Court deems just and equitable.

**COUNT 2**
**Unreasonable Seizure**
**Doe 2**

35. Plaintiff realleges the above paragraphs.

36. Officer Doe 2 unreasonably seized Towner at the police station.

37. Officer Doe 2 acted under color of law.

38. Officer Doe 2 lacked consent, reasonable suspicion, probable cause, or a warrant.

39. Officer Doe 2 unreasonably delayed a judicial finding of probable cause.

40. Officer Doe 2 violated Towner's Fourth Amendment rights.

41. As a direct and proximate result of Officer Doe 2's unlawful actions, Towner suffered damages, including loss of liberty, emotional distress, humiliation, invasion of privacy, and physical pain and suffering.

WHEREFORE, under 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Doe 2 and, because he acted in reckless or callous indifference to Plaintiff's rights, punitive damages, plus the costs of this action, attorneys' fees, and such other relief that the Court deems just and equitable.

**COUNT 3**
**Unreasonable Search**
**Doe 3**

42. Plaintiff realleges the above paragraphs.

43. Officer Doe 3 unreasonably searched Towner's car.

44. Officer Doe 3 acted under color of law.

45. Officer Doe 3 lacked consent, reasonable suspicion, probable cause, or a warrant.

46. Officer Doe 3 violated Towner's Fourth Amendment rights.

47. As a direct and proximate result of Officer Doe 3's unlawful actions, Towner suffered damages, including loss of liberty, emotional distress, humiliation, invasion of privacy, and physical pain and suffering.

WHEREFORE, under 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Doe 3 and, because she acted in reckless or callous indifference to Plaintiff's rights, punitive damages, plus the costs of this action, attorneys' fees, and such other relief that the Court deems just and equitable.

**COUNT 4**
**Indemnification**
**City of Kenosha**

48. Plaintiff realleges the above paragraphs. Wisconsin law, WIS. STAT. § 895.46, requires public entities to pay any tort judgment for damages for which employees are liable, for acts within the scope of their employment.

49. At all relevant times, Doe Defendants engaged in the conduct complained of while they were on duty and in the course and scope of their employment with the City of Kenosha.

WHEREFORE, Plaintiff asks this Court to find that the City of Kenosha is liable to satisfy any judgment entered against Doe Defendants under WIS. STAT. § 895.46.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury, under FED. R. CIV. P. 38(b), on all issues so triable.

Respectfully submitted,

Dated: November 6, 2026,

STRANG BRADLEY, LLC
Attorneys for Plaintiff

/s/ William E. Grau
John H. Bradley
Wisconsin Bar No. 1053124

R. Rick Resch
Wisconsin Bar No. 1117722
William E. Grau
Wisconsin Bar No. 1117724
STRANG BRADLEY, LLC
613 Williamson St., Suite 204
Madison, WI 53703
(608) 535-1550
John@StrangBradley.com
Rick@StrangBradley.com
William@StrangBradley.com